1  JOHN M. MCCOY III, Cal Bar. No. 166244
   Email: mccoyj@sec.gov
2  FINOLA H. MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  JESSICA R. PUATHASNANON, Cal. Bar No. 208074
   Email: puathasnanonj@sec.gov
4  BERNARD B. SMYTH III, Cal. Bar No. 217741
   Email: smythb@sec.gov
5
   Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
7  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036
   Telephone: (323) 965-3998
9  Facsimile:  (323) 965-3908

10
11                UNITED STATES DISTRICT COURT
12               CENTRAL DISTRICT OF CALIFORNIA
13
14  SECURITIES AND EXCHANGE              Case No. CV10 0124
    COMMISSION,
15                                       COMPLAINT FOR VIOLATIONS OF
              Plaintiff,                 THE SECURITIES LAWS
16
         vs.
17
    NEWPOINT FINANCIAL SERVICES,
18  INC.; JOHN FARAHI; GISSOU
    RASTEGAR FARAHI; and ELAHEH
19  AMOUEI,
20           Defendants,
21       and
22  TRIPLE "J" PLUS, LLC,
23           Relief Defendant.

24       Plaintiff Securities and Exchange Commission ("Commission") alleges as
25  follows:
26                      **JURISDICTION AND VENUE**
27       1.   This Court has jurisdiction over this action pursuant to Sections 20(b),
28  20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.

§§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa. Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district, Defendants John Farahi, Gissou Rastegar Farahi, and Elaheh Amouei reside in this district, and Defendant NewPoint Financial Services, Inc. ("NewPoint") transacts or has transacted business in this district.

## SUMMARY

3. This matter involves an unregistered offering fraud primarily targeting the Los Angeles Iranian-American community. Since at least 2003, Defendant NewPoint, a Beverly Hills based corporation controlled by Defendants John Farahi and Gissou Rastegar Farahi, has offered and sold more than $20 million worth of debentures to more than one hundred investors. The vast majority of the money raised was transferred to accounts held by Defendants John and Gissou Farahi. Defendants John and Gissou Farahi, in turn, used the investor funds to, among other things, construct a multi-million dollar personal residence in Beverly Hills, California and to engage in risky options futures trading in the stock market in which Defendants John and Gissou Farahi lost more than $18 million in 2008 and the beginning of 2009.

4. Most investors learned of NewPoint through a daily finance radio program that Defendant John Farahi hosts on a Farsi language radio station in the Los Angeles area. Investors were typically solicited to invest in the debentures by

the Farahis and/or Defendant Elaheh Amouei, NewPoint's controller, after making an appointment to discuss investment opportunities offered by NewPoint.

5. Defendants John and Gissou Farahi and Defendant Amouei misled investors who purchased NewPoint debentures in several ways. Defendants John and Gissou Farahi and Defendant Amouei falsely told investors that the NewPoint debentures were low-risk. Many investors were also falsely told that they were investing in FDIC insured certificates of deposit, government bonds, and/or corporate bonds issued by companies backed by funds from the Troubled Asset Relief Program ("TARP"). Additionally, although NewPoint at some point created a private placement memorandum ("PPM") that disclosed some risk associated with the debenture investment, most investors claim that they did not receive it. Finally, Defendants John and Gissou Farahi and Defendant Amouei failed to disclose to investors that their money would be provided to the Farahis and used for risky trading in options futures and transferred to Relief Defendant Triple "J" Plus, LLC ("Relief Defendant Triple "J") to be used for the construction of the Defendants John and Gissou Farahi's multi-million dollar personal residence.

6. Since approximately June 2009, Defendant NewPoint, Defendants John and Gissou Farahi, and Defendant Amouei (collectively, "all Defendants") have made further misrepresentations to investors in an effort to lull them into keeping their money with NewPoint. Investors have been told that their money is safe and that they are guaranteed to get the entirety of their investment back -- despite the fact that Defendant NewPoint lacks sufficient funds to make all investors whole. Defendant John Farahi has also paid back some investors on a selective basis while failing to return money to other investors who have asked for a return of their investment. Defendant Amouei has falsely told some of the investors who have not received a return of their investment that NewPoint was unable to return their money because the Commission has frozen Defendant NewPoint's financial accounts.

7.     The Defendants have violated and are violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. By this action, the Commission seeks a temporary restraining order and preliminary and permanent injunctions prohibiting future such violations as to all Defendants, appointment of a receiver over Defendant NewPoint and Relief Defendant Triple "J", an order freezing the assets of Defendants NewPoint, Defendants John and Gissou Farahi, and Relief Defendant Triple "J", an order requiring accountings from Defendants NewPoint, Defendants John and Gissou Farahi, and Relief Defendant Triple "J", and an order prohibiting the destruction of documents by all Defendants and Relief Defendant Triple "J". The Commission also seeks an order requiring disgorgement of ill-gotten gains with prejudgment interest thereon, obtained by Defendant NewPoint, Defendants John and Gissou Farahi, and Relief Defendant Triple "J", and civil penalties against all Defendants.

## THE DEFENDANTS AND RELIEF DEFENDANT

8.     **NewPoint Financial Services, Inc. ("NewPoint")** is a Nevada corporation registered with the Nevada Secretary of State since 1999, and operates from offices located in Beverly Hills, California. No registration statement has been filed with the Commission or has been in effect with respect to the securities offering by NewPoint alleged in this Complaint.

9.     **John Farahi**, age 52, resides in Beverly Hills, California, and is married to Defendant Gissou Rastegar Farahi. Defendant John Farahi is the co-owner, president, secretary and treasurer of NewPoint and has been associated with NewPoint Securities, LLC since September 1999. He holds Series 4, 7, 24, and 63 licenses with FINRA. Defendant John Farahi also has control over several entities affiliated with NewPoint, including Relief Defendant Triple "J". Defendants John and Gissou Farahi are the sole trustees and beneficiaries of the Farahi Family

4

Trust, to which investor funds have been transferred.

10. **Gissou Rastegar Farahi**, age 50, resides in Beverly Hills, California, and is married to Defendant John Farahi. Defendant Gissou Farahi is the co-owner and former vice president of NewPoint.

11. **Elaheh Amouei**, age 54, resides in Thousand Oaks, California. Amouei is NewPoint's controller and the personal bookkeeper for Defendants John and Gissou Farahi.

12. **Triple "J" Plus, LLC ("Triple 'J'")**, is an active limited liability company organized in Nevada. Defendant John Farahi is the controlling owner and managing member of the entity. Defendants John and Gissou Farahi have control over the Triple "J" bank accounts.

## THE FRAUDULENT SCHEME

### A. The Offering of NewPoint Debentures

13. In May 2003, Defendant NewPoint began offering and selling its debentures to investors. Defendant John Farahi is NewPoint's co-owner and president. He has a daily, finance-related program on a local Farsi language radio station, formerly had a show on a Farsi language satellite television station, and gives frequent public talks regarding finance in the region. In his public appearances, Defendant John Farahi touts his and Defendant NewPoint's conservative investment philosophy. Most of Defendant NewPoint's investors learned of NewPoint through Defendant John Farahi's radio program and made an appointment to meet with him at NewPoint's offices in order to discuss investment opportunities.

14. In general, potential investors interested in learning more about investment opportunities that NewPoint had to offer met with Defendants John and Gissou Farahi and/or Defendant Amouei at NewPoint's offices. During these meetings, Defendants John and Gissou Farahi and/or Defendant Amouei solicited investors to purchase debentures issued by NewPoint.

15. Investors interested in purchasing the NewPoint debentures filled out a subscription agreement, but were provided with little other material in connection with their investment. Although Defendant NewPoint at some point created private placement memoranda ("PPM") explaining the investment and some risks, most investors claim they never received it. In addition, Defendants John and Gissou Farahi and/or Defendant Amouei failed to provide investors with audited or unaudited financial information regarding NewPoint prior to their investment. Approximately 40 of the more than 100 purchasers of NewPoint debentures did not qualify as accredited investors and many had little or no prior investment experience. Most of the NewPoint investors are residents of California; however, at least one was a resident of the state of Washington at the time she invested.

**B.  The Defendants Made Material Misrepresentations About the NewPoint Debentures and Misappropriated Investor Funds**

16. In connection with the offer and sale of NewPoint's debentures, all Defendants materially misrepresented the investment and omitted material facts. When investors met with Defendants John and Gissou Farahi and/or Defendant Amouei to discuss investment opportunities, they were told that the NewPoint investment was low-risk. In fact, Defendants John and Gissou Farahi and/or Defendant Amouei falsely told many investors that they were investing in FDIC insured CDs, government bonds, and/or corporate bonds issued by companies backed by TARP funds. Defendants John and Gissou Farahi and/or Defendant Amouei never disclosed to investors that their money would be used for risky options futures trading in a brokerage account held by Defendant Gissou Farahi or transferred to other entities controlled by the Farahis, such as transfers to Relief Defendant Triple "J" to be used to build a multi-million dollar home for Defendants John and Gissou Farahi.

17. The various PPMs describing the NewPoint debentures included disclosures stating that investing in the debentures was high-risk. The PPMs also

1 disclosed that approximately 27% to 30% of the money raised from the sale of the
2 debentures would be loaned to the Farahis. However, not only did Defendants
3 John and Gissou Farahi and/or Defendant Amouei fail to provide the PPMs to most
4 investors, it appears that they only added the disclosure regarding loans to
5 Defendant John Farahi in 2009, *after* the offering ceased.

6    18.   In total, Defendant NewPoint, through the efforts of Defendants John
7 and Gissou Farahi and Defendant Amouei, raised more than $20 million from May
8 2003 until April 2009 when it ceased offering its debentures. Investor funds were
9 initially deposited into a NewPoint bank account controlled by Defendants John
10 and Gissou Farahi to which Defendant Amouei had access.

11    19.   The vast majority of investor funds were then transferred either to
12 Relief Defendant Triple "J" or to Defendants John and Gissou Farahi's family trust
13 account. Funds transferred to Triple "J" were primarily used to construct a multi-
14 million dollar personal residence for Defendants John and Gissou Farahi in
15 Beverly Hills, California. The majority of investor funds that were transferred to
16 Defendants John and Gissou Farahi's family trust account were later transferred to
17 a brokerage account held by Defendant Gissou Farahi at Interactive Brokers and
18 invested in risky options futures. Defendant John Farahi made most of the trading
19 decisions in this brokerage account. This risky trading by Defendant John Farahi
20 resulted in more than $18 million in losses throughout the end of 2008 and the
21 beginning of 2009.

22 C.   **The Defendants Continue to Mislead Investors and Dissipate Investor**
23      **Funds**

24    20.   Beginning around June 2009 and continuing through the present,
25 investors have been contacting Defendant NewPoint and asking Defendant John
26 Farahi and Defendant Amouei about their investment. These questions stemmed
27 from investors becoming aware of the Commission's investigation into NewPoint's
28 debenture offering. Some investors sought an update on the status of their

investment, while others began asking to cash-out of their investment entirely.

21. In response to these inquiries, Defendant John Farahi and Defendant Amouei have made a number of misrepresentations. Defendant Amouei falsely told investors that the Commission's investigation was merely a "routine audit" of NewPoint. Defendant John Farahi and Defendant Amouei assured several investors that their money was safe. Defendant John Farahi guaranteed at least one investor that he would receive his investment in full if he would keep his money with NewPoint for several more months. Indeed, at least one investor who has asked for, but not yet received, a return of his investment, was falsely told by Defendant Amouei that he could not get his money back because the Commission had frozen Defendant NewPoint's financial accounts.

22. Defendant NewPoint, at the direction of Defendant John Farahi, continues to dissipate investor funds by refunding money to certain favored investors, at the expense of other investors whom NewPoint has refused to repay.

## FIRST CLAIM FOR RELIEF

### Unregistered Offer And Sale Of Securities

### Violations of Sections 5(a) and 5(c) of the Securities Act

### (Against All Defendants)

23. The Commission realleges and incorporates by reference paragraphs 1 through 22 above.

24. All Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, made use of means or instrumentalities of transportation or communication in interstate commerce or of the mails, to offer to sell or to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or delivery after sale.

25. No registration statement has been filed with the Commission or has been in effect with respect to the offering alleged herein. By engaging in the conduct described above, each of the Defendants violated, and unless restrained

and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## SECOND CLAIM FOR RELIEF

## FRAUD IN THE OFFER OR SALE OF SECURITIES

### Violations of Section 17(a) of the Securities Act

### (Against All Defendants)

26. The Commission realleges and incorporates by reference paragraphs 1 through 22 above.

27. All Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a. with scienter, employed devices, schemes, or artifices to defraud;

    b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

28. By engaging in the conduct described above, all Defendants violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

///
///
///
///

## SECOND CLAIM FOR RELIEF

## FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

### (Against All Defendants)

29. The Commission realleges and incorporates by reference paragraphs 1 through 22 above.

30. All Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

  a. employed devices, schemes, or artifices to defraud;

  b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

By engaging in the conduct described above, all Defendants violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that all Defendants committed the alleged violations.

///


## II.

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining the Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

Issue, in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and a preliminary injunction freezing the assets of Defendants NewPoint, Defendants John and Gissou Farahi, and Relief Defendant Triple "J" and any entity affiliated with any of them, appointing a receiver over Defendant NewPoint and Relief Defendant Triple "J", requiring accountings from Defendants NewPoint, Defendants John and Gissou Farahi, and Relief Defendant Triple "J", and prohibiting all Defendants and Relief Defendant Triple "J" from destroying documents.

## IV.

Order Defendants NewPoint, Defendants John and Gissou Farahi, and Relief Defendant Triple "J" to disgorge all ill-gotten gains from their illegal conduct, together with prejudgment interest thereon.

## V.

Order all Defendants to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

///
///

## VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VII.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: January 7, 2010

Bernard B. Smyth
John M. McCoy III
Attorneys for Plaintiff
Securities and Exchange Commission

John M. McCoy III, Cal. Bar No. 166244
Bernard B. Smyth, Cal. Bar No. 217741
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV10 0124 DDP (JEMx) |
| NEWPOINT FINANCIAL SERVICES, INC.; JOHN FARAHI; GISSOU RASTEGAR FARAHI; and ELAHEH AMOUEI | SUMMONS |
| DEFENDANT(S). | |

TRIPLE "J" PLUS, LLC, Relief Defendant

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __John M. McCoy III/Bernard B. Smyth__, whose address is _5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036_ _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN -8 2010

By: CHRISTOPHER POWERS
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | NEWPOINT FINANCIAL SERVICES, INC.; JOHN FARAHI; GISSOU RASTEGAR FARAHI; and ELAHEH AMOUEI, defendants; TRIPLE "J" PLUS, LLC, relief defendant |
| | Orange County |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| John M. McCoy III/Bernard B. Smyth (323) 965-3998 Securities and Exchange Commission 5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036 | Sylvia M. Scott (310) 255-6100 Freeman Freeman & Smiley LLP 3415 S. Sepulveda Boulevard, Suite 1200 Los Angeles, CA 90034 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. §§ 77e(a), 77e(c) & 77q(a); 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 thereunder.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS - PERSONAL INJURY | TORTS - PERSONAL INJURY (cont.) | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY: Case Number: **CV10-0124**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV 09-8006 JFW (MANx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| NewPoint Financial Services, Inc. - Los Angeles County; John Farahi - Los Angeles County; Gissou Rastegar Farahi - Los Angeles County; Elaheh Amouei - Ventura County | Triple "J" Plus, LLC - Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date   1-8-2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |