O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NEWPOINT FINANCIAL SERVICES, INC.; JOHN FARAHI; GISSOU RASTEGAR FARAHI; and ELAHEH AMOUEI,<br><br>　　　　　　Defendants.<br>_____ | Case No. CV 10-00124 DDP (JEMx)<br><br>**ORDER RE: OPPOSITION OF BANK OF AMERICA, N.A. TO MOTION OF RECEIVER FOR ORDER APPROVING DETERMINATION ON CLAIMS AND TO DISTRIBUTE FUNDS**<br><br>[Docket No. 343] |

　　The Receiver in this matter has filed a Motion for Order Approving Receiver's Determination on Claims and to Distribute Funds ("Motion"). In its Motion, the Receiver recommends that Bank of America, N.A.'s ("Bank") claim be denied, because the Bank submitted this claim after the due date set forth by a Settlement Agreement between the Receiver and the Bank. Regardless, the Receiver seeks to prioritize the claims of investors defrauded by Defendants over the claims of general creditors, including the Bank. The Bank opposes the Receiver's Motion.

The court will issue a separate order as to the Motion in its entirety, but addresses Bank of America's Opposition here. The court concludes that Bank of America's claim should not be denied. Assuming that Bank of America's claim was untimely under the Settlement Agreement, the court finds excusable neglect for the one-day late submission. The court, however, approves the Receiver's determination that defrauded investors be paid before general creditors such as Bank of America.[1]

IT IS SO ORDERED.

Dated: August 3, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] At oral argument, Bank of America raised the issue that the Bank itself may have been the victim of loan fraud by Defendants. According to Bank of America, Defendant Farahi admitted to such fraud as part of a recent plea agreement. Because this issue was not raised prior to the Motion hearing, it is not properly before the court. Regardless, the fact that Defendant Farahi may have pled guilty to an offense does not change the Bank's status as a creditor in this action. Criminal defendants plead guilty, often after extensive negotiations with the government, for a variety of reasons. The court is therefore unwilling to change the bank's creditor status based on a decision by Defendant Farahi to plead guilty to a particular count in an indictment.

2