Byron Z. Moldo (SBN 109652)
bmoldo@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for James H. Donell, Permanent Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NEWPOINT FINANCIAL SERVICES, INC.; JOHN FARAHI; GISSOU RASTEGAR FARAHI; and ELAHEH AMONE, <br><br> Defendants. <br><br> and <br><br> TRIPLE "J" PLUS, LLC,, <br><br> Relief Defendant. | CASE NO. CV 10-0124-DDP(JEMx) <br><br> **[REVISED] ORDER APPROVING MOTION TO: (1) APPROVE FINAL ACCOUNT AND REPORT; (2) APPROVE APPLICATION FOR FINAL RECEIVER'S FEES AND EXPENSES; (3) ESTABLISH LIQUIDATING TRUST; AND (4) DISCHARGE RECEIVER** |

13390.10:2713643.1

ORDER APPROVING MOTION TO: (1) APPROVE FINAL ACCOUNT AND REPORT; (2) APPROVE APPLICATION FOR FINAL RECEIVER'S FEES AND EXPENSES; (3) ESTABLISH LIQUIDATING TRUST; AND (4) DISCHARGE RECEIVER

The Motion to: (1) Approve Final Account and Report; (2) Approve Application for Final Receiver's Fees and Expenses; (3) Establish Liquidating Trust; and (4) Discharge Receiver; Memorandum of Points and Authorities; Declarations of James H. Donell, Byron Z. Moldo, Susan P. Tomlinson and Howard Grobstein ("Motion"), having been filed with the Court, and notice of the Motion having been provided to all interested parties, the matter came on regularly for hearing on December 12, 2016 at 10:00 A.M. in Courtroom 9C of the above-entitled Court before the Honorable Dean D. Pregerson, United States District Judge.  Byron Z. Moldo of Ervin Cohen & Jessup LLP ("ECJ") appeared on behalf of James H. Donell, Permanent Receiver; James H. Donell, Permanent Receiver ("Receiver") appeared; other parties appeared as reflected in the Court's minutes.

The Court having read and considered the Motion, the response of the Securities and Exchange Commission to the Motion, hearing the statements and comments of counsel, and determining that the establishment of a liquidating trust as proposed by the Receiver in the Motion is not necessary, good cause appearing therefor, the Court enters its order as follows:

1. IT IS HEREBY ORDERED that the Motion is approved, settled and allowed herewith.

2. IT IS FURTHER ORDERED that the receivership established in this matter is terminated, and the Receiver is discharged from all further duties, liabilities and responsibilities.

3. IT IS FURTHER ORDERED that the Receiver's total fees and costs are approved on a final basis in the amount of $811,739.87 fees, and $27,592.32 costs.

4. IT IS FURTHER ORDERED that the total fees and costs of Ervin Cohen & Jessup LLP ("ECJ") are approved on a final basis in the amount of $2,553,421.70 fees, and $150,526.27 costs.

5.     IT IS FURTHER ORDERED that the total fees and costs of Crowe Horwath LLP ("Crowe") are approved on a final basis in the amount of $940,000.00 fees, and $10,778.67 costs.

6.     IT IS FURTHER ORDERED that the total fees and costs of Grobstein Teeple Financial Advisory Services, LLP (now known as Grobstein Teeple LLP) ("Grobstein") are approved on a final basis in the amount of $71,503.50 fees, and $225.30 costs.

7.     IT IS FURTHER ORDERED that all interim orders approving payment of fees and costs to the Receiver, ECJ, Crowe, and Grobstein are ratified.

8.     IT IS FURTHER ORDERED that the Receiver is authorized to pay the Receiver the amount of $123,135.78 fees which includes $97,330.33 previously approved but held back, and $5,649.08 costs.

9.     IT IS FURTHER ORDERED that the Receiver is authorized to pay ECJ the amount of $380,052.00 fees which includes $318,826.75 previously approved but held back, and $13,071.32 costs.

10.    IT IS FURTHER ORDERED that the Receiver is authorized to pay Crowe the amount of $24,538.79 fees, and $11.95 costs.

11.    IT IS FURTHER ORDERED that the Receiver is authorized to pay Grobstein the amount of $51,573.50 fees, and $53.47 costs.

12.    IT IS FURTHER ORDERED that after paying the outstanding amounts due to the Receiver, ECJ, Crowe, and Grobstein, the Receiver is authorized and instructed to distribute the remaining funds in his possession, on a pro rata basis, to Court-approved claimants no later than December 31, 2016.

13.    IT IS FURTHER ORDERED that the Receiver is authorized to assign to James H. Donell, personally, the outstanding judgment in the amount of $13,431.12 and settlement agreement in the amount of $14,100.00, as shown on **Exhibit "H"** attached to the Application, and to execute any and all documents associated therewith.

14. IT IS FURTHER ORDERED that the Receiver and the Receivership Estate shall be held free and harmless from any and all claims that may arise in the future that relate to the Receiver and/or the Receivership Estate.

15. IT IS FURTHER ORDERED that all of the Receiver's acts, transactions and all of his actions, including the actions of his employees, attorneys and agents, as Receiver herein for the Receivership period are ratified, confirmed and approved as being right and proper, and in the best interests of the Receivership Estate and the parties to this action.

16. IT IS FURTHER ORDERED that all distributions for compensation and costs to the Receiver, his attorneys and accountants made during the Receivership Estate are ratified, confirmed and approved.

17. IT IS FURTHER ORDERED that the Receiver, his attorneys, accountants, agents and/or employees and those acting on behalf of the Receivership Estate are released from all liability for any and all claims, demands or causes of action that may have directly or indirectly arisen from the administration of the Receivership Estate prior to, during or after the Receivership period, that were not brought before the Court before the time of hearing on the Receiver's final account and report.

18. IT IS FURTHER ORDERED that the Receiver is directed to maintain all books and records of the Receivership Estate for six (6) months from the date of entry of this order, except as otherwise ordered by the Court.

19. IT IS FURTHER ORDERED that the Receiver is authorized to abandon and/or destroy all books and records of the Receivership Estate under his control no earlier than six (6) months after the date of entry of this order.

DATED: December 12, 2016

*[signature]*

THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE